[No. G017211. Fourth Dist., Div. Three. Sept. 8, 1997.]

DONALD P. DORN, Plaintiff and Respondent, v.
JUANITA SOLOMON, as Trustee, etc., Defendant and Appellant.

## COUNSEL

Marc R. Tow for Defendant and Appellant.

Dan Buchanan for Plaintiff and Respondent.

## OPINION

SILLS, P. J.—Donald P. and Dixie D. Dorn were married in 1975. In 1981, they purchased a home in Fullerton taking title as "husband and wife, as joint tenants." In 1992, the marriage fell apart and Dixie moved out. However, a few months later she discovered she was dying from cancer.

On September 20, 1993, and while she was in the hospital, Dixie executed a quitclaim deed purporting to transfer the family home to "Dixie D. Dorn, Irrevocable Trust dated September 20, 1993." The purpose of the deed, so we are told, was to enable Dixie to transfer her interest in the family home

to her daughter by a former marriage, Tammy Gutermuth. Dixie unexpectedly died the following day.

On September 30, 1993, Donald recorded an "Affidavit—Death of Joint Tenant" with the county recorder.

On October 25, 1993, Juanita Solomon, as trustee of the irrevocable trust, recorded the quitclaim deed. Donald, complaining that the property was uninsurable with the quitclaim deed of record, filed this action for declaratory relief, quiet title, and to cancel it. Following completion of discovery Donald filed a motion for summary judgment, which was granted. The trustee appeals.

I

■ Although the trustee makes numerous arguments, the thrust of the appeal is that Dixie had a right to transfer her community property interest in the family home without Donald's consent. Relying on Family Code section 2581, which provides that for "the purpose of division of property on dissolution of marriage" there is a rebuttable presumption that property acquired during marriage in joint tenancy is community property, the trustee asserts there was a triable issue of fact as to whether the property was held in joint tenancy or as community property, and the burden was on Donald to prove that he and Dixie did not hold the property as community property.

As Donald correctly points out, the flaw in this argument is that the presumption found in Family Code section 2581 only applies "for purposes of a property division upon marriage dissolution or legal separation." (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 1997) ¶¶ 8:45 to 8:47, pp. 8-9 to 8-10.) It does not apply when a joint tenant dies. In that case, the property passes by right of survivorship. (*Ibid.*) Accordingly, because title to the family home was acquired in joint tenancy, the presumption was that title to the property passed to Donald when Dixie died, and the burden was on the trustee to demonstrate there was a triable issue of material fact as to whether the property was held as community property. This the trustee failed to do.

Her reliance on the presumption in Family Code section 2581 is, as we point out above, misplaced. The only other "evidence" she submits is an unsigned marital settlement agreement Donald's attorney (Gary Mordock) prepared two years earlier which listed the property on "Schedule A" as community property of the marriage. This is insufficient to demonstrate a triable issue of material fact since there is no evidence Donald viewed the

family home as community property.[1] To the contrary, in his declaration in support of the motion he stated that, "The majority of funds utilized for the down payment on this property came from money I inherited from my father's estate before this acquisition. I understood these funds to be my separate property, and not community funds."

## II

Of course, Dixie still could have legally severed the joint tenancy by following the provisions of Civil Code section 683.2, which sets forth the requirements for severing a joint tenancy. It appears from the record before us that this is what she was trying to do. However, subdivision (c)(2) of section 683.2 explicitly provides that the deed must be recorded "not later than seven days after the death of the severing joint tenant." Here the trustee did not record the deed until a month after Dixie died, and thus it was invalid under this section.

Accordingly, the judgment is affirmed. Donald shall recover his costs on appeal.

Wallin, J., and Bedsworth, J., concurred.

---

[1]Donald objects to the trustee's inclusion of part of the transcript of Donald's deposition in the joint appendix on the ground it was not before the trial court when the summary judgment motion was heard. The trustee concedes as much, but asks us to consider it anyway because there is at least one reference in the declarations submitted in support of the motion to it. That may be so, but unless the transcript was before the trial court we cannot consider it on appeal. In any event, the transcript is unhelpful to the trustee. In it, Donald indicated it was Dixie who wanted the divorce, not he, and he denied telling his attorney that the family home was community property or that he had ever seen the marital settlement agreement the trustee produced at the deposition.